UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JANICE KAY HEATH,<br><br>　　　　　　　　Defendant. | NO. 2:17-CR-0133-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) and Motion to Expedite. ECF Nos. 217, 218. These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's Motion to Reduce Sentence, ECF No. 217, is denied.

## BACKGROUND

On May 8, 2018, Janice Kay Heath appeared before the Court and entered a plea of guilty to Count 1 of the Superseding Indictment filed on November 7,

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

1  2017, charging her with Possession With the Intent to Distribute 500 Grams or
2  More of Methamphetamine, in violation of 21 U.S.C. § 841.  ECF Nos. 154, 156.
3  On September 18, 2018, this Court sentenced Defendant to a 36 month term of
4  imprisonment, followed by a 5-year term of supervised release, and an order of
5  forfeiture.  ECF No. 208.  Defendant was remanded to the custody of the United
6  States Marshal to begin her term of imprisonment.  *Id*.  Defendant's projected
7  release date to home confinement has now been moved from August 25, 2020 to
8  May 20, 2020.  ECF No. 219 at 2.

9  Defendant informed her counsel that she applied for compassionate release
10 on November 21, 2019, without specifying any terms of what her request was
11 based upon.  ECF No. 217 at 16.  The request predated the coronavirus pandemic
12 by several months and was denied.  *Id*.  On April 25, 2020, Defendant filed the
13 instant Motion to Reduce Sentence for this Court's review.  ECF No. 217.
14 Defendant argues that she should be granted compassionate release because "if she
15 contracts coronavirus, her age, diabetes, and COPD put her at extreme risk of life-
16 threatening complications—at least a five-fold increase above others."  *Id*. at 18.
17 Defendant concedes that there are no documented infections at FDC SeaTac.  *Id*. at
18 19.

19
20

# DISCUSSION

## A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The

Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Exhaustion or Lapse of 30 days

Defendant has failed to demonstrate that she exhausted her administrative remedies or ever submitted a COVID-19 based request to the warden, thus, the Court has no jurisdiction to proceed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite, ECF No. 218, is **granted**.

2. Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 217, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** May 4, 2020.



THOMAS O. RICE
Chief United States District Judge